UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Alesha Carter, | Case No. 2:25-cv-00461-JAD-MDC |
|---|---|
| Plaintiff | **Order Dismissing** |
| v. | **and Closing Case** |
| LVMPD-CCDC, et. al., | ECF No. 1 |
| Defendants | |

Plaintiff Alesha Carter brings this civil-rights lawsuit to redress constitutional violations that she claims she suffered while detained at the Clark County Detention Center. On April 25, 2025, this court ordered Carter to file a signed complaint and a copy of her prison trust-fund account statement for the previous six-month period by June 24, 2025.[1] That deadline expired, and Carter did not file a signed complaint, file a copy of her prison trust fund account statement, or seek to extend the deadline to do so. I therefore dismiss this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[2] A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[3] In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

---

[1] ECF No. 3.

[2] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[3] *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[4]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of Carter's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.[5] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[6] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[7] Because this case cannot proceed without a properly signed complaint, a properly filed application to proceed *in forma* pauperis, and litigation cannot progress without Carter's compliance with the court's order, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the

---

[4] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

[5] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[6] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[7] *Henderson*, 779 F.2d at 1424.

inevitable and further squander the court's finite resources.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal.  IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on Carter's failure to file a signed complaint and submit the required documents to seek to proceed *in forma pauperis* in compliance with the court's order.  The motion to proceed *in forma pauperis* **[ECF No. 1] is DENIED**.  The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  If Carter wishes to pursue her claims, she must file a signed complaint in a <u>new</u> case, and she must pay the fee for that action or file a complete application to proceed *in forma pauperis*.

Dated: July 17, 2025

_____
U.S. District Judge Jennifer A. Dorsey

3